**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| JUSTINA CORCELLES HERNANDEZ,<br>REV. FR. PRISCO E. ENTINES,<br>FRANCISCO GUTIEREZ FERRER,<br>JULIETA TABOADA ABELLA,<br>MARIA LAPAY LAURENCIANO, and<br>WENCESLAO N. RODRIGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 06-191C<br>No. 06-193C<br>No. 06-205C<br>No. 06-434C<br>No. 06-442C<br>No. 06-449C |

**<u>DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT</u>**

Pursuant to Rule 12(e) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court order plaintiffs in the above captioned cases to provide a more definite statement of their claims. The plaintiffs' complaints are so vague and ambiguous that the Government cannot reasonably file a response to the complaints.

RCFC 8(a) states that a pleading shall contain: (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. In addition, each averment of the pleading shall be simple, concise, and direct. RCFC 8(e)(1). Finally, all statements in the pleading shall be made subject to the obligations set forth in RCFC 11. RCFC 8(e)(2). The Supreme Court has held that this rule requires a complaint "that will give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47; <u>accord</u> <u>Stephenson v. United States</u>, 37

Fed. Cl. 396, 403 (1997); see also RCFC 8(b) (directing that in responding to the complaint, a party shall state in short and plain terms the party's defenses to each claim asserted, admit or deny the averments upon which the adverse party relies, and fairly meet the substance of the averments denied). Further, pursuant to RCFC 10(b), a plaintiff is directed to ensure that the contents of each paragraph in a complaint be limited, as far as practicable, to a statement of a single set of circumstances.

RCFC 12(e) empowers this Court to order a party to file a more definite statement if the original pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a response." RCFC 12(e). Allowing a confusing complaint to serve as a proper pleading "would not serve 'the just, speedy, and inexpensive determination of ... [the] action,'" Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting RCFC 1(a)(2)). Likewise, "a complaint that is confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." Scogin, 33 Fed. Cl. at 293 (quoting Vicom, Inc., v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994)).

Although a pro se plaintiff is afforded some leniency in complying with all of procedural rules surrounding formal pleadings, courts nevertheless require pro se plaintiffs to state a proper basis for jurisdiction and otherwise comply with the strictures of RCFC rule 11. Aldridge v. United States, 67 Fed. Cl. 113, 119-23 (2005) (finding pro se plaintiff in violation of rule 11); see also Scogin, 33 Fed. Cl. at 292-93 (granting motion for more definite statement and counseling pro se plaintiff to avoid sanctions by accurately reciting the facts in its amended complaint). Similarly, despite a plaintiff’s pro se status, courts have held that dismissal of a case, or the filing of an amended complaint, can be required in instances where a complaint is

long and disorderly, puts forth a lengthy discussion of unnecessary facts, is basically-incomprehensible, or lacks sufficient clarity and/or specificity. E.g., Scherer v. Washburn University, 2006 WL 2920725 (D. Kan.); Dismuke v. Florida Bd. of Governors, 2005 WL 1668895 (M.D. Fla.); Parker v. Learn The Skills Corp., 2004 WL 2384993 (E.D. Pa.).

All of the plaintiffs in this case seek entitlement to a variety of damages or relief stemming from their or their immediate family members' alleged involvement in aiding the United States military in the Philippines during World War II. While the nature of some of the claims for relief appear to vary slightly, plaintiffs have all filed essentially similar complaints that are replete with rambling factual recitations implicating the conduct of numerous high-level United States officials and military officers, the assertion of various constitutional claims seeking both monetary and declaratory relief, and claims for back military pay and/or disability compensation. At this stage, based upon the complaints alone, it is impossible for defendant to discern how to properly respond to each and every allegation, i.e., which allegations, if any, merit a response, and which ones will be the subject of motions to dismiss for lack of jurisdiction, untimeliness, and/or a failure to state a claim. In such a situation, both the Supreme Court and this Court have expressly sanctioned ordering more definite statements pursuant to Rule 12(e) to ensure that a defendant has fair notice of the claims against it. Conley, 355 U.S. at 47-48 n. 9; accord Scogin, 33 Fed. Cl. at 293.

The basis for granting our motion for a more definite statement is further supported by the recent appointment of counsel in this case. Clearly, plaintiffs's newly-appointed counsel is in a far better position than the pro se plaintiffs to concisely articulate the true nature of plaintiffs claims and to certify to the court that each of the claims and allegations are well-grounded and

made in good faith. Counsel for plaintiffs' has forthrightly admitted that he cannot offer any such assurance at this time. For example, in the January 10, 2007 status report to this Court, counsel stated that, should the Government move to dismiss plaintiffs' claims upon timeliness, discovery would likely be requested to determine the validity of the plaintiffs' claims. Plaintiffs' counsel also justifies the need for discovery by conceding that he has had difficulty communicating with and obtaining records from some of the plaintiffs who do not speak English. As a result, counsel envisions a situation in which the Government will move to dismiss plaintiffs complaints, and then provide discovery designed to defeat that motion, even before plaintiffs' counsel or the Government has been adequately apprised of the true factual and legal bases of plaintiffs' pending claims against the Government. This would place an impossible burden upon the Government and is wholly inconsistent with the rules of this Court and a plaintiff's responsibility to properly and concisely plead its claims against a defendant.

For these reasons, we respectfully request the Court to order plaintiffs to provide a more definite statement of their claims.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/ Kenneth S. Kessler
KENNETH S. KESSLER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Department of Justice
Tel: (202) 307-0313
Fax: (202) 307-0313

February 23, 2007

Attorneys for Defendant